

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-15-00049-CR

_____

GUSTAVO FERRUSQUILLA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 25,276-B; Honorable John B. Board, Presiding

May 18, 2016

MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Following a bench trial and an open plea of guilty without a recommendation as to punishment, Appellant, Gustavo Ferrusquilla, was convicted of the first degree felony offense of aggravated robbery[1] and sentenced to forty years confinement in the Texas

---

[1] TEX. PENAL CODE ANN. § 29.03(a)(2) (West 2011).

Department of Criminal Justice.  In presenting this appeal, counsel has filed an *Anders*[2] brief in support of his motion to withdraw.  We affirm and grant counsel's motion to withdraw.

PROCEDURAL BACKGROUND

At the time of his plea, in addition to the plea of guilty entered in this case, Appellant entered a plea of guilty in five other cases: (1) Cause No. 25,266-B, burglary of a habitation, (2) Cause No. 25,285-B, Count I, credit card abuse, (3) Cause No. 25,285-B, Count II, theft of property, (4) Cause No. 25,321-B, burglary of a habitation, and (4) Cause No. 24,482-B, theft of a firearm.  The trial court ordered that the sentence assessed in each case would run concurrently with the other sentences.  Appellant has chosen to only appeal his aggravated assault conviction in Cause No. 25,276-B.

Here, as in the other cases, Appellant waived his right to a jury trial in writing and in open court with the consent and approval of the attorney for the State and the court. He acknowledged in writing that he understood the charges against him, the range of punishment, and the fact that he was entering a plea without the benefit of a plea agreement.  He then pleaded guilty to the allegations contained in the indictment.  He also acknowledged signing a judicial confession wherein he admitted committing the offense of aggravated robbery "exactly as charged in the indictment . . . ."  Finally, he signed a *Waiver of Appeal After Sentence* wherein he acknowledged that "after having been sentenced or punished by the Court in accordance with the terms of my plea bargain agreement . . . [I] voluntarily, knowingly, and intelligently waive my right to

---

[2] *Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

appeal." Notwithstanding this waiver of his right to appeal executed after sentence, the trial court signed a *Trial Court Certification of Defendant's Right of Appeal* indicating that Appellant did have a right of appeal.

ANDER'S BRIEF

In support of his motion to withdraw, Appellant's appellate counsel has certified he has conducted a conscientious examination of the record, and in his opinion, it reflects no potentially plausible basis for reversal of Appellant's conviction. *Anders v. California*, 386 U.S. 738, 744-45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel candidly discusses why, under the controlling authorities, the record supports that conclusion. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has further demonstrated he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to review the records and file a *pro se* response if he desired to do so,[3] and (3) informing him of his right to file a *pro se* petition for discretionary review.[4] *In re Schulman*, 252 S.W.3d at 408. By letter, this court granted Appellant an opportunity to exercise his right to file a response to counsel's brief. Appellant did not file a response, nor did the State favor us with a brief.

---

[3] *See Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014) (regarding Appellant's right of access to the record for purposes of filing a *pro se* response).

[4] Notwithstanding that Appellant was informed of his right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22 & 411 n.35. The duty to send the client a copy of this court's decision is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.

3

We have also conducted our own review of the entire record to assess the accuracy of counsel's conclusions and to independently determine whether there are any non-frivolous issues that were preserved in the trial court which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record and counsel's brief, we agree with counsel that there is no plausible basis for reversal of Appellant's conviction. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

CONCLUSION

After carefully reviewing the appellate record and counsel's brief, we conclude there are no plausible grounds for appellate review. We therefore affirm the trial court's judgment and grant counsel's motion to withdraw. TEX. R. APP. P. 43.2(a).

Patrick A. Pirtle
Justice

Do not publish.

4